## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ALLEN M. FRANK (#556110)                                  CIVIL ACTION

VERSUS

                                                      19-766-BAJ-RLB

AIMUAMWOSA IGBINOSUN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 17, 2021.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN M. FRANK (#556110) | CIVIL ACTION |
| VERSUS | |
| AIMUAMWOSA IGBINOSUN | 19-766-BAJ-RLB |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment filed on behalf of defendant Aimuamwosa Igbinosun (R. Doc. 12). Plaintiff filed a Declaration in Opposition (R. Doc. 15). In addition, the plaintiff's Complaint (R. Doc. 1) is verified. (R. Doc. 1-2 at 6).

The *pro se* plaintiff, a person formerly confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Aimuamwosa Igbinosun complaining that his constitutional rights were violated due to the use of excessive force and retaliation. He seeks monetary and declaratory relief.

Defendant moves for summary judgment relying upon the pleadings; a Statement of Uncontested Material Facts; the affidavit of Aimuamwosa Igbinosun; and certified copies of excerpts of the plaintiff's medical records, Elayn Hunt Correctional Center Policy No. 300-A01 – Use of Force, Elayn Hunt Correctional Center Policy No. 300-A28- Use of Chemical Agents, and a Chemical Agent Log for Phantom OC Can #4.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with

affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Verified Complaint, the plaintiff alleges the following: On December 5, 2018, while housed at EHCC, the plaintiff was called to the cell bars by defendant Lt. Igbinosun. Defendant ordered the plaintiff to drop the paper gown wrapped around his waist and raise both arms. Plaintiff was further ordered to lift his testicles and pull back the skin of his penis. Defendant then ordered the plaintiff to turn around, lift one foot then the other, then bend over and spread his buttocks apart. At this point the plaintiff protested and was threatened with a

chemical agent. When the plaintiff complied with the order defendant Lt. Igbinosun began commenting about the plaintiff's body and laughing before spraying chemical agent on the plaintiff's anus. The plaintiff suffered discomfort and pain for approximately two weeks after the administration of the chemical agent.

The plaintiff filed a grievance regarding the December 5, 2018 incident, and about a month later he was confronted by defendant Lt. Igbinosun about the grievance. The defendant verbally harassed and threatened the plaintiff. In the days after, the defendant continued to verbally harass the plaintiff regarding the grievance.

On May 8, 2019 defendant Lt. Igbinosun called the plaintiff to the cell bars and restrained his wrists. The defendant then attempted to place another inmate in the plaintiff's cell and the plaintiff attempted to block the cell door. Defendant then grabbed the plaintiff's wrists and repeatedly slammed the plaintiff's right elbow into the cell door. The plaintiff cried out in pain and defendant Lt. Igbinosun told the plaintiff to shut up and then forcefully pushed the plaintiff into the corner of the steel bed. The plaintiff was then slammed to the floor by the defendant. Upon leaving the cell defendant Lt. Igbinosun said, "Hey bi!ch dats' for that A.R.P. I bet you won't think about putting my name in another A.R.P. huh? Look at dat ass on that floor, now yall have fun, its shift change." Following the May 8, 2019 incident, the plaintiff filed another grievance regarding defendant Lt. Igbinosun.

In response to the plaintiff's allegations, defendant Igbinosun challenges the accuracy of the allegations alleged by the plaintiff and asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as

alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be denied. An issue of material fact requiring a credibility determination exist as to whether the use of force was excessive and/or used in retaliation.

A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether

an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

It is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is Plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which

retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

The summary judgment evidence submitted by the defendant shows that, on December 5, 2018, the plaintiff was flooding his cell and failed to comply when ordered by defendant Lt. Igbinosun to cease. The defendant then obtained approval for use a chemical agent after contacting a social worker on duty. Defendant retrieved a can of chemical agent and returned to the plaintiff's cell and again ordered him to stop flooding the cell. The plaintiff failed to comply and defendant Lt. Igbinosun administered a one to two second burst of chemical agent into the plaintiff's cell to gain compliance. The plaintiff then complied, and was given the opportunity to shower and was provided with a clean paper gown. Plaintiff was issued a disciplinary report for Rule 5 Aggravated Disobedience and Rule 17 Property Destruction.

On May 8, 2019 defendant entered the plaintiff's housing unit to place another offender in plaintiff's cell. Defendant first restrained the plaintiff through the closed cell door. When the cell was opened the plaintiff attempted to come out of his cell. Defendant Lt. Igbinosun raised his hand to stop the plaintiff, placed the other offender in the cell, ordered for the door to be closed and then removed all restraints.

The plaintiff's Complaint (R. Doc. 1) is verified. The verified Complaint is competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. The plaintiff's Complaint contains the required averral and meets the affidavit requirements.

Under penalty of perjury, the plaintiff asserts that defendant Lt. Igbinosun used excessive force against him, by spraying his anus with a chemical agent, causing him pain which continued for approximately two weeks. The plaintiff then filed a grievance and was verbally harassed and threated by the defendant with regards to the same. Four months later defendant Lt. Igbinosun again used excessive force against the plaintiff by repeatedly slamming his elbow into the cell door, forcefully shoving him against a bed, and slamming him to the floor. After the use of force, the defendant made statements suggesting that his actions were taken in retaliation for the filing of the plaintiff's grievance.

As such, the resolution of whether excessive force was used, or retaliation occurred, requires a credibility determination that the Court cannot make when evaluating a Motion for Summary Judgment. Considering the evidence in the light most favorable to the plaintiff, the Court cannot conclude that as a matter of law that defendant Lt. Igbinosun acted in an objectively reasonable manner which would entitle him to qualified immunity. *See Falcon v. Holly*, 480 F. App'x. 325 (5th Cir. 2012) (reversing grant of summary judgment where allegations in verified complaint and other verified pleadings constituted competent summary judgment evidence.)

## RECOMMENDATION

It is recommended that the defendant's Motion for Summary Judgment (R. Doc. 12), be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on November 17, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**